ISIDORE ANTOINE QUIMPER, Tutor of Antoine Molinari and others, Minors, *v.* LOUIS BIERRA.

Where a debtor, who has made a ·surrender of his property, but has not been discharged from his debts, afterwards acquires other property, the only mode to subject such property to the payment of those debts, is by opening the proceedings on the cession, and obtaining an order from the court in which they were pending to force a new cession. This may be done by any one of the old creditors; but they have no claim against him, unless he has property more than enough to discharge all debts incurred by him since his surrender, and to support himself and family; and any portion which may be liable for the old debts, must be abandoned for the benefit of all the former creditors. No one of them can sue and obtain judgment against him, and seize and sell such new property in satisfaction of his claim. Stat. 20 February, 1817, s. 28. C. C. 2173.

Art. 2173 of the Civil Code, which authorizes any one of the creditors of an insolvent who has made a surrender of his property but not been discharged from his debts, to force a new cession, on showing that the debtor has acquired property more than sufficient for his maintenance, is not repealed by the 5th sect. of the · stat. of 28 March, 1840, authorizing any two judgment creditors whose claims exceed a certain amount to coerce a forced surrender, that section having no application to the case provided for by art. 2173.

APPEAL from the City Court of New Orleans, *Collens, J.*

*J. Seghers,* for the appellant. An insolvent is not absolutely protected against suits for debts anterior to the surrender of his property. 1 Mart. N. S. 11. He may waive this benefit, if entitled to it. The inferior judge was, therefore, wrong in deciding a case on an exception personal to the defendant, and not pleaded by him.

*Preaux,* for the defendant, cited Civ. Code, art. 2173. Code of Pract. art. 92. Bul. & Curry's Dig. p. 214, ss. 3, 5. 3 La. 334. 4 La. 45.

SIMON, J. The petition alleges, that the defendant having failed in the Parish Court of New Orleans, on the 10th of May, 1823, and having filed his schedule accordingly, acknowledged

himself therein to be indebted to Antoine Molinari, then living, in the sum of $822, by endorsements; that the defendant has never been discharged from his debts, and has never paid the above sum to the deceased, or to his heirs; and that said defendant, having come to better fortune, is bound by law and equity to pay the claim sued on, resulting from three promissory notes, to wit, one for $200, and two others, each for $311, all drawn in 1822 by one Joseph Segura, to the order of, and endorsed by the said Louis Bierra. Wherefore, he prays for judgment against the defendant for the said sum, as principal, with interest since 1823.

The defendant joined issue, first pleading the prescription of five, ten and twenty years; and further averring, that he has not more property than sufficient and indispensably necessary for his living.

The presiding judge of the City Court, being of opinion that the only judgment he could render, would be one commanding a new cession of property by the insolvent, to be followed by a distribution among his new and old creditors; and conceiving that such a judgment would be beyond the jurisdiction of his court, nonsuited the plaintiff; from which judgment, after a vain attempt to obtain a new trial, the defendant has appealed.

We think the judge, *a quo*, did not err. By the 28th section of the law of 1817, (B. & C.'s Digest, p. 492,) it is provided, "that the surrender of property shall only exonerate the debtor to the amount of the property surrendered, and, in case the said property should have been insufficient, if he acquires other in future, *he shall be bound to abandon it until final payment;* provided that his new creditors shall be preferred to the former for their payment on the new property." Article 2173 of the Civil Code provides, that a cession of property discharges all the debts on the debtor's *bilan,* if a majority of his creditors agree to such discharge; "but if such consent be not obtained, *any one of his creditors may afterwards force a new cession* on showing that the debtor has acquired property over and above what is necessary for his maintenance." It is perfectly clear from these laws, that the legislature never intended that an insolvent debtor should be exposed to be harrassed with suits, after a *cessio bonorum,*

even in case of his acquiring new property ; and that the only mode to be resorted to, in case of the debtor's coming to better fortune, is to open the proceedings of the former surrender, and, in the words of the law, to force him to make a new cession. This may be done by *any one of the old creditors*, without the necessity of instituting a suit against him, and, as it may be considered as a continuation of the former proceedings, it is obvious that they must be carried on before the same court that was originally vested with the jurisdiction of the case. In the case of *Goicochea* v. *Ricarte*, 4 La. 45, this court said : " When a debtor makes a cession of his goods, his anterior creditors have no claim on him unless he has a sufficiency of goods to discharge debts incurred since the cession, and a sufficiency for the subsistence of himself and family ; and then *the newly acquired property must be abandoned, for the benefit of all the creditors, and ought not to be seized for the benefit of a single creditor.*" See also 3 La. 334. We have never understood that every creditor should be at liberty, after the insolvent has acquired new property, to sue him and to obtain judgment against him, by virtue of which the new property might be seized and sold in satisfaction thereof. The newly acquired property belongs to the *concurso* of creditors ; and, whenever the debtor is required to make a new cession thereof by any one of them, this must take place after having ascertained the amount of his new debts, to be first satisfied, and the extent of his means of subsistence, and the property newly surrendered must be disposed of, and the proceeds thereof distributed, contradictorily with the new creditors, according to the provisions of the law. Such proceedings, we believe, must be had before the same court where the original surrender was made, and where the *concurso* is pending ; and, at any rate, the court, *a qua*, had no jurisdiction to order them. Laws of 1836, p. 193, § 1. Code of Pract. art. 92.

We have been referred to the 5th sect. of a law of 1840, (B. & C.'s Digest, 473,) under the pretence that it authorizes the present action, as it is therein enacted, that no person can be forced to make a surrender, unless by two creditors, *having each personally obtained a separate judgment* for an amount exceeding $300 ; and that, therefore, the law of 1817, and the art. 2173 of

the Code have been so modified, as now to require two judgment creditors to force the new surrender therein provided for.   The law referred to has, in our opinion, no application to a case of this kind.   It provides for the mode of compelling a debtor, who appears to possess no property, but who is believed by two or more of his judgment creditors to have property, rights or assets of some description, within the State of Louisiana, which may be available to his creditors, to surrender the same to his creditors ; and, in such a case, the proceedings had are to be conducted as provided for by the insolvent laws.   But here, as we have already said, the new surrender which may be required by any one of the insolvent's old creditors, is necessarily a continuation of the first cession originally voluntary, and cannot be applied for and ordered, unless, according to the provisions of the law, the debtor has acquired new property over and above what may be necessary for his subsistence and that of his family.   The law of 1840 requires *two judgment creditors* at least, to coerce a forced surrender from an apparently insolvent debtor ; but the law of 1817, and the Civil Code, only require *one of the anterior creditors* to compel the insolvent to bring into the mass the newly acquired property for the benefit of all his creditors.   There is, it seems to us, no inconsistency between the two laws, as it is clear they were made for different objects.

*Judgment affirmed.*